IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGILIO LOPEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 4:20-cv-1814 |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Lopez filed the present action under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying his request for disability and disability insurance benefits. Lopez and the Commissioner filed cross-motions for summary judgment. ECF No. 15, 16. Having considered the motions, the record, and the applicable law, the Court **DENIES** Lopez's Motion (ECF No. 15), **GRANTS** the Commissioner's Motion (ECF No. 16) and **AFFIRMS** the final decision of the Commissioner.[1]

### I. Background

#### A. Procedural History

Lopez filed an application for disability and disability insurance benefits under Title II, alleging disability beginning May 1, 2017. Following the denial of his application and subsequent request for reconsideration, Lopez requested a hearing before an Administrative Law Judge ("ALJ") and a hearing took place on August 7, 2019. The ALJ issued a decision on August 28,

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment. ECF No. 10.

1

2019, finding Lopez was not disabled within the meaning of the Social Security Act. The Appeals Council denied review on March 20, 2020 and the ALJ's decision became the final decision of the Commissioner. Tr. 1; *see* 20 C.F.R. §§ 404.981, 416.1481.

## B. Standard for Review of the Commissioner's Decision

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). When reviewing the Commissioner's decision, the Court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.*

## C. Disability Determination Standards

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

At the first step, the ALJ decides whether the claimant is currently working or "doing substantial gainful activity." *Id*. at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At the second step, the ALJ must determine whether the claimant has a severe impairment. *Id*. at §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892

F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. p, app. 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011). At step four, the ALJ determines whether the claimant's RFC permits him to perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the ALJ determines at step five whether the claimant can perform other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton*, 209 F.3d at 452-53.

**D. The ALJ's Decision**

The ALJ performed the standard five-step sequential analysis. First, the ALJ found Lopez has not engaged in substantial gainful activity since May 1, 2017. Tr. 23. Next, the ALJ determined that Lopez's diabetes mellitus and hypertension are severe impairments, but that Lopez had not established medically determinable impairments related to his back and knee pain. Tr. 23-24. At step three, the ALJ determined that none of Lopez's impairments, alone or in combination, meet or equal the severity of one of the listed impairments in Appendix 1 after specifically considering Lopez's diabetes mellitus under Listings 1.00, 2.00, 4.00, 5.00, 6.00, 8.00, 11.00, and 12.00 and Lopez's hypertension under Listing 4.00H. Tr. 24. The ALJ found Lopez has the RFC to

> perform the full range of light work . . . [and] lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently. He is able to stand or walk six hours out

of an eight-hour workday and he is able to sit six hours out of an eight-hour workday.

Tr. 24-25. After comparing Lopez's RFC with the physical and mental demands of his past relevant work, the ALJ found Lopez could still perform his past relevant work as an automobile porter (DOT 3 915.687-022). Tr. 27. Thus, the ALJ concluded Lopez has not been under a disability since May 1, 2017 through the date of her decision. Tr. 28.

## II. Analysis

Lopez argues that as the result of two errors, the ALJ's RFC determination is not supported by substantial evidence. First, Lopez argues that the ALJ erred by failing to "reconcile" Lopez's limitations as set forth in the consulting examiner's opinion with her finding that Lopez maintains the RFC for light work. Second, Lopez argues the ALJ erred by finding that his back and knee pain were not medically determinable impairments.

### A. The ALJ did not err by evaluating the consulting examiner's opinion to be "generally persuasive," and still finding Lopez maintains the RFC for light work.

The ALJ did not err by finding Dr. Sahi's opinion "generally persuasive," and also finding that Lopez maintains the RFC for light work. To begin with, the ALJ considered the supportability and consistency of Dr. Sahi's opinion in accordance with the requirements of 20 C.F.R. § 404.1520c.[2] For example, the ALJ's written opinion includes a two-paragraph narrative discussion of Dr. Sahi's opinion in which the ALJ identifies specific record evidence in support of Dr. Sahi's opinion and finds it is consistent with the state agency consultant's opinions from prior administrative findings. *See Stephens v. Saul*, Civil Action No. 3:20-CV-823-BH, 2020 WL

---

[2] Pursuant to 20 C.F.R. § 404.1520c, the Commissioner is required to articulate how persuasive he finds all medical opinions and prior administrative findings in the medical record. 20 C.F.R. § 404.1520c(b). In doing so, the ALJ considers certain factors: supportability, consistency, treatment relationship with the claimant, specialization, and other factors, such as familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how he considered these factors for every medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2).

7122860, at *7 (N.D. Tex. Dec. 4, 2020) (finding the ALJ satisfied § 404.1520c where the decision stated the ALJ considered the medical opinion evidence in accordance with the rule, and the decision reflected consideration of the supportability and consistency factors). Furthermore, the ALJ found the state agency examiners' prior administrative opinions that Lopez can stand and/or walk (with normal breaks) for six hours in an eight-hour workday are "consistent with the results of Dr. Sahi's consultative examination[.]"[3] Tr. 26. After finding Dr. Sahi's opinion consistent with the prior administrative medical findings of the state agency examiners, the ALJ incorporated the ability to stand and/or walk for six hours in an eight-hour day into Lopez's RFC.

The ALJ did not err by failing to "reconcile" an alleged conflict between Dr. Sahi's opinion and the RFC for light work. Dr. Sahi's opinion that Lopez is able to sit for long periods of time, stand, walk for moderate distances, and do moderate lifting, is not incompatible with the RFC for light work, which requires "a good deal" of walking or standing. 20 C.F.R. § 404.1567(b). Contrary to Lopez's argument, Dr. Sahi's opinion and the RFC are not inconsistent, and the ALJ did not err by failing to reconcile an inconsistency that does not exist. *See Poindexter v. Comm., Soc. Sec. Admin.*, Case No. 2:19-cv-0293-RSP, 2021 WL 1252034, at *3 (E.D. Tex. Apr. 5, 2021) (finding opinion that claimant had "mild limitations with standing and moderate limitations with walking[]" constituted substantial evidence to support an RFC for light work which requires a good deal of walking).

Finally, substantial evidence supports the ALJ's determination that Lopez maintains the RFC for light work. Dr. Sahi opined that Lopez can sit for long periods, stand, walk for moderate distances, and do moderate lifting. Tr. 274. The ALJ found Dr. Sahi's opinions "generally persuasive." Tr. 26. The record also contains two prior administrative findings that Lopez can

---

[3] Dr. Sahi's examination revealed that Lopez exhibited mostly normal abilities with some limitations of his ability to bend and squat

stand and/or walk (with normal breaks) for six hours in an eight-hour workday. Tr. 60, 70. The

ALJ found these opinions "persuasive." Tr. 26. The physical exertion requirements for light work

include lifting no more than 20 pounds at a time with frequent carrying of objects weighing up to

10 pounds. Light work requires a good deal of walking or standing or, when it involves sitting

most of the time, some pushing and pulling of arm or leg controls. 20 C.F.R. 404.1567(b). The

Social Security Regulations further clarify the requirements of light work:

> Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping.

SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983). The Court finds that Dr. Sahi's opinion and

the two prior administrative medical findings (based on state agency consultant opinions) provide

substantial evidence in support of the ALJ's finding that Lopez maintains the RFC to perform the

full range of light work.

## B. The ALJ committed harmless error by finding Lopez did not have a medically determinable impairment from back or knee problems.

Lopez argues the ALJ erred when she found that Lopez had failed to present evidence of

medically determinable impairments related to his back or knee pain. The Court agrees the ALJ

erred by failing to consider the clinical evidence of his back and knee limitations and by instead

relying only on the negative findings in the x-rays. A medically determinable impairment

> must result from anatomical, physiological, or psychological abnormalities that can be shown by *medically acceptable clinical* and laboratory diagnostic techniques. Therefore, a physical or mental impairment *must be established by objective medical evidence from an acceptable medical source.*

20 C.F.R. § 404.1521 (emphasis added). Dr. Sahi's office performed a physical examination and

noted Lopez had tenderness in his back, difficulty bending and squatting, tender knees, and a

decreased range of motion in his knees and back. Tr. 273. Dr. Sahi attached to the consultative examination report a range of motion evaluation chart, which showed a limited range of motion in Lopez's back and knee. Tr. 277. Despite these clinical findings the ALJ found Lopez failed to present evidence establishing medically determinable impairments related to his back and knee pain. Tr. 23-24. The Court agrees with Lopez that the clinical findings constitute objective evidence from an acceptable medical source and support the finding of a medically determinable impairment. However, the Court finds the ALJ's error was harmless.

Lopez has failed to demonstrate he was harmed by the ALJ's failure to classify his back and knee pain as medically determinable impairments. *See Jones v. Astrue,* 691 F.3d 730, 734–35 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."). Throughout the written decision, the ALJ expressly considered Lopez's complaints of back and knee pain and the medical records related to those symptoms. Tr. 23 (discussing reports of knee and back pain); Tr. 26 (describing Dr. Sahi's findings regarding back and knee pain). The ALJ noted that during Dr. Sahi's examination Lopez exhibited "mostly normal abilities with some limitations of his ability to bend and squat." Tr. 26. The ALJ noted these findings were also consistent with the state agency consultants' opinions. *Id.* Thus, when determining Lopez's RFC, the ALJ considered all of Lopez's symptoms, including his complaints of back and knee pain and Dr. Sahi's medical exam demonstrating a limited range of motion and limitations on bending and squatting. Tr. 23-25. Lopez has failed to demonstrate that, had the ALJ classified Lopez's back and knee pain as medically determinable impairments, she would have made a more restrictive RFC finding. *See Victoria G. v. Berryhill,* No. 1:17-CV-180-BL, 2018 WL 4471644, at *4 (N.D. Tex. Sept. 18, 2018) (explaining any error in classifying fibromyalgia as not medically determinable is harmless without a showing that the RFC would

likely change if the ALJ treated the fibromyalgia as a medically determinable impairment); *see also Trego v. Berryhill*, Civil Action No. 4:15-cv-00182-O, 2017 WL 3276005, at *2 (N.D. Tex. Aug. 2, 2017) (finding remand not required where the claimant failed to show that, had the ALJ deemed her fibromyalgia a medically determinable impairment, the ALJ would have given greater weight to her subjective complaints of fatigue and found a more restrictive RFC).

### III. Conclusion

For the reasons stated above, the Court **DENIES** Lopez's Motion for Summary Judgment (ECF No. 15), **GRANTS** the Commissioner's Motion for Summary Judgment (ECF No. 16), and **AFFIRMS** the Commissioner's final decision.

Signed at Houston, Texas on July 16, 2021.

Christina A. Bryan
United States Magistrate Judge